PEOPLE, PLAINTIFF AND APPELLEE, *v.* VAZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Aguadilla in a Prosecution for Breach of Peace.

No. 1613.—Decided November 30, 1920.

BREACH OF PEACE—INFORMATION.—In an information for breach of peace it is not sufficient to allege that the defendant used threatening language or assumed an aggressive attitude if it is not alleged that such language or attitude had the actual effect of disturbing the peace of one or several particular persons, for such disturbance is what constitutes the criminal offense.

The facts are stated in the opinion.

*Messrs. J. Valldejuly* and *E. González Mena* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from a judgment of the District Court of Aguadilla convicting Gregorio Vaz of a breach of the peace and imposing upon him a fine of $50, or, in default of its payment, fifty days in jail. The *fiscal* of this court moved for the reversal of the judgment, being of the opinion that the facts charged did not constitute an offense.

The pertinent part of the information, which was demurred to in the district court, reads as follows:

"That on April 28, 1920, at about 1 p. m. and in the ward of Arenales, place known as Calero, in the municipal judicial district of Aguadilla, P. R., the said Gregorio Vaz maliciously, wilfully and in a threatening and violent attitude insulted and provoked a group of laborers who were traveling on the train towards San Juan, calling them sons of bitches (*sinvergüenzas*), scoundrels and other like names, and threatening them at the same time with a piece of sugar cane."

The law applicable is section 368 of the Penal Code, which reads as follows:

"Every person who maliciously and wilfully disturbs the peace or quiet of any neighborhood or person, by loud or unusual noise, or by tumultous or offensive conduct, or threatening, traducing, quarreling, challenging to fight or fighting, or who on the public streets of any city or village, or upon the public highways fires any gun or pistol, or uses any vulgar, profane or indecent language within the presence or hearing of women and children, in a loud and boisterous manner, is guilty of a misdemeanor, and shall be punished by ＊ ＊ ＊ ."

It will suffice to compare the one with the other to conclude that the appellant and the *Fiscal* of the Supreme Court are right.

It is not sufficient to allege that the defendant used threatening language or assumed an aggressive attitude if it is not alleged that such language or attitude had the actual effect of disturbing the peace of one or several particular persons, for such disturbance is what constitutes the offense.

As to the use of indecent language, it is clearly seen that this was not the form of the offense contemplated by the person who prepared the complaint. At all events it was not alleged that the indecent language was used in the presence or within the hearing of women or children.

By virtue of the foregoing the appeal must be sustained,

the judgment appealed from reversed and the defendant discharged.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.